UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:12 cr 589** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **DARRYL WHITTINGTON,** | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court upon the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). (**Doc #: 361**.) For the following reasons, the Motion is summarily dismissed.

**I.**

On March 6, 2014, Darryl Whittington, pursuant to a written plea agreement, pled guilty to one count of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1)(b)(A) and 846. (Doc ##: 141, 145.) On December 10, 2014, Whittington was sentenced to a prison term of 151 months. (Doc #: 231.) Whittington challenged the calculation of his sentence on direct appeal. On January 14, 2016, the Sixth Circuit affirmed, concluding that he had waived his right to appeal his sentence and his guilty plea was knowing and voluntary. (Doc #: 343.) Whittington did not petition for certiorari.

Whittington now raises three grounds for post-conviction relief. First, he contends that his

counsel was constitutionally ineffective because he failed to challenge the conspiracy charge and abandoned all adversarial testing for the said drug conspiracy.  Second, he contends that counsel was ineffective for failing to research law and facts to understand the buyer-seller defense.  Third, he contends that there was a reasonable probability that prosecutorial misconduct occurred because the Government asserted facts not in evidence, mischaracterized evidence and misstated the law.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly examine the petition.  Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.*  The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Darryl Whittington is not entitled to relief in the district court for the following reasons.

**III.**

In his first ground for relief, Whittington argues that he was denied the effective assistance of counsel based on counsel's alleged failure to challenge the said conspiracy charge that was never challenged or established for the record.  The Court disagrees.

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*).  A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

The *Strickland* standard applies to guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In the guilty plea context, the first *Strickland* element is the same.  *Griffin*, 330 F.3d at 736-37 (citing *Hill*, 474 U.S. at 58-59).  However, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Griffin*, 330 F.3d at 737 (quoting *Hill*, 474 U.S. at 58-59).

There was no reason for counsel to challenge or establish for the record the conspiracy charge

because Whittington expressly admitted, in his plea agreement and during the plea colloquy, the factual basis underlying his conspiracy charge. He admitted that beginning at least as early as September 1, 2012 and continuing until at least December 30, 2012, he and his co-defendants did knowingly and intentionally conspire to possess with the intent to distribute, and to distribute, 5 kilograms of cocaine. (Doc #: 145 at 10.) He admitted that he assisted others in the distribution of multi-kilogram shipments of cocaine to and from co-Defendant Darwin Demore and others. (Id.) In furtherance of the conspiracy, he re-distributed the cocaine to individuals living in the Northern District of Ohio. (Id.) He admitted that he and his co-defendants and others assisted each other in transporting, storing, processing and re-distributing the cocaine. (Id.) He admitted that the amount of drugs he possessed and distributed directly attributable to his actions and reasonably foreseeable within the conspiracy was at least 10 kilograms, but less than 15 kilograms of cocaine. (Id. at 10-11.) And he knew that the substances he possessed and distributed were actually cocaine. (Id. at 11.) He acknowledged that this summary of facts did not set forth each and every fact that the Government could prove at trial, nor did it encompass all of the acts he committed in furtherance of the offense to which he was pleading guilty. (Id.)

  The Sixth Circuit has expressly ruled that Whittington's guilty plea was knowing and voluntary. (Doc #: 343, at 1.) Based on Whittington's admissions to the factual basis for his conspiracy charge, he can show neither that his counsel's performance fell below an objective standard of reasonableness, nor that there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different.

  In the second ground for relief, Whittington contends that counsel was ineffective for failing to

-4-

research the law regarding the buyer-seller defense.  According to Whittington,

> the record reveals that [he] was a buyer of drugs with a buyer-seller relationship with those he got drugs from.  At no time does the record reflect[] that Whittington got cocaine on credit or consignment, at no time does the record reflect[] that petitioner Whittington's transactions were standardized, and at no time does the record reflect[] that [he] made any secondary agreement after receiving the cocaine [he] purchased.  Again, the defense counsel's ineffectiveness relieved the government's prosecution of proving that in addition to agreeing to buy the cocaine, [he] further agreed to participate with the seller in an arrangement involving mutual dependence, cooperation or assistance in distributing cocaine.

(Motion at 7.)  This argument completely contradicts the admissions Whittington made in his plea agreement–which are part and parcel of the record.  Again, the Sixth Circuit has concluded that Whittington's guilty plea was knowing and voluntary.  Furthermore, although Whittington asserts that defense counsel never went over the Government's evidence or any defenses with him, the transcript of the change-of-plea hearing shows that counsel did in fact do so, and that Whittington expressed his satisfaction with counsel's representation.  (Doc #: 287 at 6-7.)  Thus, he can show neither that his counsel's performance fell below an objective standard of reasonableness, nor that there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different.

In the third ground for relief, Whittington contends that the Government committed prosecutorial misconduct by overcharging him for a conspiracy when he was only responsible for purchasing 1 ounce of cocaine, and exposing him to a sentence 5 times greater than he should be serving "for an *unsubstantiated* conspiracy offense."  (Doc #: 361-1 at 9 (emphasis added).)  Prosecutorial misconduct claims on habeas review are related to a prosecutor's trial conduct.  The standard to be applied is whether the conduct so infected the trial with unfairness as to make the

resulting conviction a denial of due process, or whether it was so egregious as to render the entire trial fundamentally unfair.  *United States v. Dakers*, No. 3:30-cr-090, 3:07-cv-284, 2008 WL 5333842 at * (S.D. Ohio Dec. 19, 2008) (citations omitted).  This case never went to trial because Whittington pled guilty to the drug-trafficking conspiracy. In any event, Whittington expressly admitted in his plea agreement and at the change of plea colloquy to conspiring to traffic between 10 to 15 kilograms of cocaine, and his guilty plea  was found to be knowing and voluntary on direct appeal.

### IV.

Because it plainly appears from the face of the motion and the record of prior proceedings that the moving party is not entitled to relief, the Court summarily **DISMISSES** the pending § 2255 Motion and **DIRECTS** the Clerk of Court to notify Mr. Whittington of this ruling forthwith.

**IT IS SO ORDERED.**

          s/*Dan Aaron Polster*   3/8/2017
**Dan Aaron Polster**
**United States District Judge**