IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 1:12 CR 0589 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| DARRYL WHITTINGTON, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

On May 9, 2022, Darryl Whittington filed a "Notice of New Authority… that May Allow [him] to Obtain a Two-Level Reduction." ECF Doc. 419. To the extent Whittington's notice can be construed as a motion for sentence reduction, it is DENIED. If Whittington intended his filing to be a motion for compassionate release, he may re-file it after showing he has exhausted his request to the Bureau of Prisons. The Court's decision is further explained below.

The first two pages of Whittington's filing state he may be entitled to a two level sentence reduction due to changes in the United States Sentencing Guidelines. However, the Sixth Circuit has held that nonretroactive, post-conviction changes in sentencing laws are not a proper basis upon which to base a finding of "extraordinary and compelling" reason for reducing an inmate's sentence. *See U.S. v. Wills,* 997 F.3d 685 (6th Cir. 2021); *U.S. v. Tomes,* 990 F.3d 500 (6th Cir. 2021), *cert. denied,* 142 U.S. S. Ct. 780 (2022); *U.S. v. Jarvis,* 999 F.3d 442 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 760 (2022); *U.S. v. Hunter,* 12 F.4th 555 (6th Cir. 2021); and *U.S. v. McKinnie,* 24 F.4th 583 (6th Cir. 2022). Thus, a change to the sentencing guidelines would likely not entitle Whittington to a retroactive sentence reduction.

On page three of his filing, Whittington sets forth medical reasons potentially placing him at a greater risk of contracting COVID-19.  For these reasons, he requests compassionate release to home confinement.  However, before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement.  Under *United States v. Alam*, the request may come through a motion filed by the inmate after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoners]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).  Here, Whittington has not shown that he already exhausted his request for compassionate release.  If Whittington *can* show he has exhausted his request, he may re-submit his filing as a motion for compassionate release.

Whittington's "notice" of new authority (ECF Doc. 419) is DENIED.  If he can show that he has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i), he may resubmit his filing as a motion for compassionate release.

IT IS SO ORDERED.

Dated: May 11, 2022

*s/Dan Aaron Polster*
United States District Judge