IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | CASE NO: 1:12 CR 0589 |
| v. | ) ) ) | Judge Dan Aaron Polster |
| DARRYL WHITTINGTON, | ) ) | |
| Defendant. | ) ) ) | **ORDER** |

On December 6, 2022, Defendant Whittington filed a motion for compassionate release due to his health conditions and the COVID-19 pandemic. ECF 425. The Government filed a response in opposition on January 23, 2023.  ECF Doc. 429.  Mr. Whittington did not file a reply, which was due no later than 12:00 p.m. on February 6, 2023.  Mr. Whittington had previously filed a motion for compassionate release, which was denied for a failure to exhaust administrative appeals. ECF 419; ECF 420. While Mr. Whittington has now satisfied the exhaustion requirement and, arguably, the "extraordinary and compelling" circumstances requirement of 18 U.S.C. § 3582(c)(1)(A), his motion for compassionate release is DENIED for the reasons set forth below.

Previously, on May 9, 2022, Mr. Whittington filed a "Notice of New Authority…that May Allow [him] to Obtain a Two-Level Sentence Reduction." ECF 419. To the extent that filing could have been construed as a motion for compassionate release, it was denied because Mr. Whittington had failed to show he had exhausted the motion by first requesting release from the BOP. ECF 420. The exhaustion requirement is satisfied in the Sixth Circuit when either the warden has denied a request for compassionate release or thirty days have passed since the

1

request was made without a response. *United States v. Alam*, 960 F.3d. 831, 832 (6th Cir. 2020). Mr. Whittington's filing on May 9, 2022, provided no evidence either had occurred.

Mr. Whittington's current motion for compassionate release satisfies the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Submitted as Exhibit 1 of that motion is a letter from the warden denying Mr. Whittington's request for compassionate release dated August 27, 2020. ECF 425. Denial by a warden satisfies the exhaustion of administrative appeals requirement in the Sixth Circuit. *Alam*, 960 F.3d. at 832.

His motion also, arguably, sets forth an extraordinary and compelling reason for early release. Mr. Whittington submitted a letter showing his BMI is 38.9, which is also reflected in B.O.P. medical records. ECF 425; ECF 429. The Centers for disease Control and Prevention ("CDC") includes a BMI above 30 but below 40 in the "definite" category for conditions which increase the impact of COVID-19. ECF 429. Thus, Mr. Whittington has shown an "extraordinary and compelling" reason in support of his motion for compassionate release. However, the Court also notes that Mr. Whittington has been vaccinated and boosted against COVID-19 as recently as June 15, 2022. Thus, he may be safeguarded against some of the more severe symptoms associated with COVID-19.

Even if the Court finds extraordinary and compelling reasons might justify the early release of Mr. Whittington, he has failed to establish he is not a danger to the community. 18 U.S.C. § 3142(g) requires consideration of whether conditions of release would assure community safety. Among the factors listed in § 3142(g) are whether the current offense was committed while under release or supervision for another offense. 18 U.S.C. § 3142(g)(3)(B). Mr. Whittington was on supervision for first-degree felony trafficking when he committed the offense he is currently sentenced for. ECF 429. Another factor under § 3142(g) is a person's

criminal history. 18 U.S.C. § 3142(g)(3)(A). Mr. Whittington's criminal history contains multiple drug-trafficking convictions, including those previously mentioned. ECF 429. Beyond the § 3142(g) factors which weigh against release from federal prison, there remains a state sentence of nine years which would be unaffected by this motion. ECF 425; ECF 429 at 8. Accordingly, early release would only result in Mr. Whittington beginning his state sentence in 2023 rather than 2024; it would not protect him from the dangers associated with COVID-19. For these reasons, Mr. Whittington's motion for compassionate release is DENIED.

**IT IS SO ORDERED.**

Dated: February 7, 2023

*s/Dan Aaron Polster*
United States District Judge